IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-11231
Summary Calendar

KRISTIAN SHANE CURRY

Plaintiff-Appellant

v.

DIRECTOR OF PAROLE RISSI OWENS, L; ELVIS HIGHTOWER; Mr NFN
HOWARD; JUANITA GONZALES

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-645

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kristian Shane Curry, Texas prisoner # 1333254, appeals the dismissal without prejudice of his 42 U.S.C. § 1983 complaint. The district court concluded that his challenge to the denial of mandatory supervision should have been raised in habeas. In his complaint, Curry had argued that the Texas Board of Pardons and Paroles (the Board) had denied him mandatory supervision in excess of its authority and, by doing so, had "stripped" him of his good time and

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

work time credits.  In his request for relief, Curry asks that his credits be applied and that he be released.  Because Curry's requested relief is immediate release to mandatory supervision, he is calling into question the validity or duration of his confinement, which should be raised in habeas.  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).  Although Curry asserts that he must obtain a declaratory judgment that the Board's actions were unconstitutional before seeking release through a habeas proceeding, a habeas petition is an appropriate means of challenging the constitutionality of a prisoner's custody.  See 28 U.S.C. § 2254.

Curry also argues the merits of the claims he raised in his postjudgment motion to amend.  The district court denied the motion because the final judgment had been entered.  As Curry does not identify any error in the district court's analysis, he has not established that he is entitled to relief.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Curry has not established that the district court abused its discretion in denying his postjudgment motion. See Rosenzweig v. Azurix Corp., 332 F.3d 854, 864-65 (5th Cir. 2003).  The judgment of the district court is AFFIRMED.